UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS BUSTAMANTE,<br><br>　　　　　Petitioner,<br><br>v.<br><br>S. GARCIA,<br><br>　　　　　Respondent. | Civil No. 03-CV-276-L(CAB)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL [doc. #80]** |

Petitioner Jesus Bustamante filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting nine claims. After full briefing, the magistrate judge entered a Report and Recommendation ("Report") under 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3 that recommended the petition be denied. Petitioner timely objected to the Report with respect to his Claim 2 concerning three particular jury instructions; Claim 6 – prosecutorial misconduct; Claim 7 – ineffective assistance of trial counsel: and Claim 8 – ineffective assistance of appellate counsel. But petitioner did not object to other portions of the Report.[1]

---

[1] Claims to which petitioner had no objection include: Claim 1: the trial court improperly denied his motion to dismiss (*see* Objection at 1, n.1); Claim 2: the trial court improperly instructed the jury with respect to felony murder (*see* Obj. at 1 n.1, at 3, n.4) and the failure to give a pinpoint instruction on aiding and abetting (*see* Obj. at 3 n.4) but petitioner objects to the lack of a lesser included offense, accomplice and assault/aggravated assault instructions; Claim 3: the trial court failed to rule on an objection during closing argument (*see* Obj. at 3, n.4); Claim 4: the trial court improperly denied his severance motion (*see* Obj. at 3, n.4); Claim 5: the trial court was biased against him (*see* Obj. at 3, n.4); Claim 7: ineffective

The Court made a *de novo* determination of those portions of the report to which petitioner objected. 28 U.S.C. § 636(b)(1). After a thorough review of the entire record in this case and the parties' arguments, the Court adopted the Report in its entirety. Petitioner filed a notice of appeal on September 29, 2009. [docket # 77] In a footnote in the notice of appeal, petitioner stated that his "legal assistant is now preparing the certificate of appealability and it will be mailed forthwith as soon as completed." On October 15, 2009, petitioner requested and was granted an extension of time until December 9, 2009, in which to file his application for a certificate of appealability ("COA"). [doc. #79] On the date his application was due, petitioner instead filed a motion for appointment of counsel for proceedings in the district court and declaration of indigency. [doc. #80]

As a procedural matter, the sole remaining issue in the present case is whether a certificate of appealability should issue. The Court notes that petitioner has not been represented by counsel in this habeas action since 2005. [doc. #44] After counsel withdrew, petitioner has had the assistance of James W. Brammer, a fellow prisoner, in prosecuting this action. Petitioner states that he has been unable to locate Mr. Brammer.

The Sixth Amendment's right to counsel does not apply in habeas actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). However, the district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987).

In the present case, the court does not find that the interests of justice would be served by the appointment of counsel. Specifically, petitioner's claims were adequately presented in the petition, traverse, supplemental traverse and objections to the Report and Recommendation.

---

assistance of trial counsel but only to the issue of the failure to pursue the writ of mandamus (*see* Obj. at 11); and Claim 9: insufficiency of the evidence (*see* Obj. at 7). As to these claims, the Court adopted the Report and Recommendation without additional review.

Petitioner filed a notice of appeal on September 29, 2009.  As noted above, the only activity remaining before the district court is petitioner's application for a COA.  The Court is required to address whether a COA is warranted even when the petitioner does not specifically request its issuance.  *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997)("If no express request is made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate.").

Because petitioner has not filed an application for a COA within the extended time provided, the court construes petitioner's notice of appeal as a request for a certificate of appealability.  The Court will enter a separate order directed to the issuance of a COA.  As a result of the procedural posture of the case, the interests of justice would not be served by the appointment of counsel

Accordingly, petitioner's motion for appointment of counsel is **DENIED.**

**IT IS SO ORDERED.**

DATED:   December 17, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL