1
2
3
4
5
6
7
8
UNITED STATES DISTRICT COURT
9
SOUTHERN DISTRICT OF CALIFORNIA
10

11  JESUS BUSTAMANTE,                          )   Civil No. 03-CV-276-L(CAB)
                                               )
12                      Petitioner,            )   **ORDER DENYING CERTIFICATE**
                                               )   **OF APPEALABILITY**
13  v.                                         )
                                               )
14  S. GARCIA,                                 )
                                               )
15                      Respondent.            )
                                               )
16  _____         )

17        Petitioner Jesus Bustamante filed a petition for writ of habeas corpus pursuant to 28

18  U.S.C. § 2254 asserting nine claims.   After full briefing, the magistrate judge entered a Report

19  and Recommendation ("Report") under 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3 that

20  recommended the petition be denied.   Petitioner timely objected to the Report with respect to his

21  Claim 2 concerning three particular jury instructions; Claim 6 – prosecutorial misconduct; Claim

22  7 – ineffective assistance of trial counsel: and Claim 8 – ineffective assistance of appellate

23  counsel.   But petitioner did not object to other portions of the Report.[1]

24  _____

25        [1]     Claims to which petitioner had no objection include:  Claim 1: the trial court
    improperly denied his motion to dismiss (*see* Objection at 1, n.1); Claim 2: the trial court
26  improperly instructed the jury with respect to felony murder (*see* Obj. at 1 n.1, at 3, n.4) and the
    failure to give a pinpoint instruction on aiding and abetting (*see* Obj. at 3 n.4) but petitioner
27  objects to the lack of a lesser included offense, accomplice and assault/aggravated assault
    instructions; Claim 3: the trial court failed to rule on an objection during closing argument (*see*
28  Obj. at 3, n.4); Claim 4: the trial court improperly denied his severance motion (*see* Obj. at 3,
    n.4);  Claim 5:  the trial court was biased against him (*see* Obj. at 3, n.4); Claim 7: ineffective

1    The Court made a *de novo* determination of those portions of the report to which

2    petitioner objected.  28 U.S.C. § 636(b)(1).  After a thorough review of the entire record in this

3    case and the parties' arguments, the Court adopted the Report in its entirety.  Petitioner filed a

4    notice of appeal on September 29, 2009.  (*See* docket no. 77.)  In a footnote to the notice of

5    appeal, petitioner states that his "legal assistant is now preparing the certificate of appealability

6    and it will be mailed forthwith as soon as completed."  On October 15, 2009, petitioner

7    requested and was granted an extension of time in which to file his application for a certificate of

8    appealability ("COA").  [doc. #]   On the date his application was due, petitioner instead filed a

9    motion for appointment of counsel and declaration of indigency. [doc. #80]

10    Because petitioner has not filed an application for a COA within the extended time

11    provided, the court construes petitioner's notice of appeal as a request for a certificate of

12    appealability.  *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997)("If no express

13    request is made for a certificate of appealability, the notice of appeal shall be deemed to

14    constitute a request for a certificate.").

15    **1.      Standard for a COA**

16    A Certificate of Appealability ("COA") is required under 28 U.S.C. § 2253 before a

17    petitioner can pursue an appeal.  A COA will issue when the petitioner makes a "substantial

18    showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529

19    U.S. 473, 478 (2000) (after April 24, 1996, the right to appeal is governed by COA requirements

20    of 28 U.S.C. § 2253(c)).  When a district court has rejected constitutional claims on the merits,

21    petitioner must show that: (1) the issues are debatable among jurists of reason; or (2) that a court

22    could resolve the issues in a different manner; or (3) that the questions are adequate to deserve

23    encouragement to proceed further.  *Lambright v. Steward*, 220 F.3d 1022, 1024-25 (9th Cir.

24    2000).

25

26

27
28    assistance of trial counsel but only to the issue of the failure to pursue the writ of mandamus (*see* Obj. at 11); and Claim 9: insufficiency of the evidence (*see* Obj. at 7).  As to these claims, the Court adopted the Report and Recommendation without further review.

**2.      Discussion**

      **a.      Jury Instructions**

      Bustamante contends that the trial court failed to properly instruct on the elements of assault and assault with a deadly weapon (aggravated assault); to *sua sponte* instruct the jury that they could consider manslaughter as a lesser included offense; and to instruct on accomplice testimony.

**1.      Assault/Assault with a Deadly Weapon**

      Petitioner argued that an element of the crimes of assault and aggravated assault require the specific intent to commit a battery and because the instructions did not require the jury to find the intent to commit battery, the instructions given was a violation of his due process rights.

      Under the Fourteenth Amendment, due process requires that "every fact necessary to constitute the crime with which [the defendant] is charged" be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970).  If a trial court fails to properly instruct the jury regarding an element of the charged crime, the court commits a constitutional error that deprives the defendant of due process. *See, e.g., Conde v. Henry*, 198 F.3d 734, 740 (9th Cir. 1999).

      Under California law, battery and assault are general intent crimes and the intent to commit battery is not an element of the crimes of assault or aggravated assault.  The trial court instructed the jury on all the elements of assault and aggravated assault; therefore, the instructions did not violate petitioner's due process rights and petitioner has not demonstrated entitlement to a COA on this claim.

**2.      Lesser Included Offense Instruction**

      Petitioner contended that the trial court failed to instruct, *sua sponte*, on the lesser included offense of manslaughter.  There is no clearly established federal law that requires a state trial court to give a lesser included offense instruction.  *See* 28 U.S.C. § 2254(d)(1); *Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000) (*per curiam*) (in non-capital case, failure of state court to instruct on lesser included offense does not alone present a federal constitutional question cognizable in a federal habeas corpus proceeding), *cert. denied*, 534 U.S. 839 (2001); *Windham v. Merkle*, 163 F.3d 1092, 1106 (9th Cir. 1998) (failure of state trial court to instruct on lesser

3

1   included offenses in non-capital case does not present federal constitutional question), *cert.*

2   *denied*, 541 U.S. 950 (2004)).

3        But a state court's jury instructions violate due process if they deny the criminal defendant

4   "a meaningful opportunity to present a complete defense."  *Clark v. Brown*, 450 F.3d 898, 904

5   (9th Cir. 2006), *cert. denied* by *Ayers v. Clark*, 549 U.S. 1027 (2006) (quoting *California v.*

6   *Trombetta*, 467 U.S. 479, 485 (1984)).

7        Here petitioner was not denied a meaningful opportunity to present a complete defense.

8   This issue cannot be resolved in a different manner and is not debatable among jurist of reason.

9   Accordingly, a COA will not issue.

10                    **3.     Accomplice Instruction**

11        Petitioner complained that two witnesses were actually accomplices to the killing which

12   required the trial court to instruct the jury to view their testimony with caution or to require

13   corroboration to support his conviction.   However, petitioner made no showing that the jury's

14   determination would have been different had the jury been instructed that it could not rely on

15   Truehitt's and Jacobo's testimony in the absence of corroboration.  Accordingly, the lack of an

16   accomplice instruction did not so infect petitioner's trial as to result in a violation of due process.

17   This conclusion is not debatable among jurists of reason.  Nor could a court resolve this issue in

18   a different manner and it is not an issue that deserves encouragement to proceed further.

19   *Lambright*, 220 F.3d at 1024-25.

20                    **b.     Prosecutorial Misconduct**

21        Petitioner contended that his trial was fundamentally unfair based upon prosecutorial

22   misconduct.  *Darden v. Wainwright*, 477 U.S. 168, 181 (1986).  Under *Darden*, the court first

23   determines whether the prosecutor's remarks or acts were improper; if so, the next consideration

24   is whether the conduct infected the trial with unfairness.  *Tan v. Runnels*, 413 F.3d 1101, 1112

25   (9th Cir. 2005).  A prosecutorial misconduct claim is decided "on the merits, examining the

26   entire proceedings to determine whether the prosecutor's remarks so infected the trial with

27   unfairness as to make the resulting conviction a denial of due process."  *Johnson v. Sublett*, 63

28   F.3d 926, 929 (9th Cir. 1995) (citation omitted).

As the Supreme Court has noted: "Past decisions of this Court demonstrate that the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982). Prosecutorial misconduct alone does not require a new trial. *Id*. at 220.   Instead, the effect on the trial is of paramount importance.

### 1.      Threat to defense counsel

Petitioner contends that he suffered severe prejudice based upon a verbal exchange between his counsel and the prosecutor.  The record does not support petitioner's contention in any manner.  The exchange cannot be properly characterized as threatening. This conclusion is not debatable and a court could not resolve this issue differently.  Accordingly, petitioner has not demonstrated entitlement to a COA on this issue.

### 2.      Questioning of Witness Jacobo

The trial court found that during the questioning of a prosecution witness the prosecutor had placed some inadmissible and potentially prejudical information before the jury by assuming facts not in evidence, improperly characterizing prior testimony, improperly eliciting testimony about co-defendants' statements and improperly posing a question that the prosecutor knew would elicit prejudicial hearsay.  In order to find a remedy other than striking the witness's testimony or declaring a mistrial for the prosecutor's errors, the jury was admonished to disregard certain testimony.

Within the context of the entire trial, the prosecutor's actions in questioning the state's witness, Jacobo, did not impair the jury's ability to render a fair and impartial verdict.   The prosecutorial misconduct did not violated petitioner's due process rights and petitioner has failed to make a showing that a COA should be granted.

### 3.      Failure to Provide Information Prior to Trial

Petitioner contended the prosecution withheld material, exculpatory evidence by failing to disclose that a prosecution witness was a confidential informant.  However delay in disclosure does not deprive an accused of due process where disclosure is made at pretrial conference, *see Reiger v. Christensen*, 789 F.2d 1425, 1432 (9th Cir. 1986), or during trial where the disclosure,

03cv276

though tardy, is still of value to the accused, *see U.S. v. Vgeri*, 51 F.3d 876, 880 (9th Cir. 1995).

Here, the information concerning Truehitt's confidential informant status was disclosed to the defense, at the latest, during the beginning of petitioner's first trial.  The Court concluded that petitioner had not shown that the delayed disclosure violated his due process rights.  This conclusion is not debatable, it could not be resolved in a different manner and is not an issue deserving further attention.  Accordingly, petitioner has not demonstrated an entitlement to a COA.

### 4.        Vindictive prosecution

Initially petitioner was arrested on a murder charge.  He was released but later rearrested and charged with conspiracy to commit assault.  Petitioner was prepared to enter a guilty plea to that offense at the preliminary hearing; however, the prosecutor sought permission from the court to amend the charges by adding a count of murder.  The court granted the motion and consequently, petitioner was not permitted to enter a plea to the conspiracy to commit assault charge.  Petitioner contended in his habeas petition that the prosecutor demonstrated vindictive prosecution by amending the charge.

The State court found petitioner had neither alleged or made a showing that the amended charges were based upon any impermissible ground, *e.g.*, race, religion or other arbitrary classification.  In the habeas proceeding, the Court determined that the State Court conclusion was based on a reasonable determination of the facts in light of the evidence presented and was neither contrary to or involved an unreasonable application of clearly established federal law.  Petitioner has not demonstrated that he is entitled to a COA on this claim.

### 5.        Testimony of Sergio Jacobo & Sergio Bustamante

At trial, Sergio Jacobo ("Jacobo") and petitioner's brother, Sergio Bustamante ("Sergio") testified under grants of immunity.  Petitioner argued that Jacobo's testimony was coerced, and the trial court violated his due process rights by permitting the testimony. Because the threat of potential liability for the killing is not an improper inducement and raised voices do not suggest coercion, petitioner had not made a factual showing to demonstrate that Jacobo's testimony was involuntary and that its admission rendered the trial so fundamentally unfair as to violate due

03cv276

process.   This conclusion is not debatable among jurists of reason.  Nor could a court resolve this issue in a different manner and it is not an issue that deserves encouragement to proceed further.

With respect to Sergio, defense counsel sought to exclude Sergio's testimony as involuntarily made.  The trial court conducted an evidentiary hearing on the issue of voluntariness and determined that Sergio's statements were not coerced.   This Court accorded this factual finding presumptively correct.  Further the record is devoid of any suggestion that the detectives resorted to physical or psychological pressure to elicit Sergio's  statements.  As a result, the Court determined that petitioner was not entitled to habeas relief on the ground that Sergio's statements were coerced.  Again, petitioner has not shown entitlement to a COA.

### 6.    False Evidence

Petitioner contends that the prosecutor knowingly permitted Detective Ronald Thill to lie when he testified at trial that he did not threaten Sergio Bustamante during his interview with him but petitioner did not establish that Thill's statement was false.  Accordingly, the State court concluded petitioner was not denied due process based on alleged false testimony presented by the prosecutor.  In the habeas proceeding, the Court found that the State Court conclusion was based on a reasonable determination of the facts in light of the evidence presented and was neither contrary to or involved an unreasonable application of clearly established federal law.  A COA on this claim is not warranted in that the issue is not debatable, could not be resolved in a different manner and is not an issue that deserves encouragement to proceed further.

### 7.    Improper Closing Argument

Petitioner complains that the prosecutor made a variety of improper remarks in closing argument including telling the jury to credit some statements made to police but not trial testimony, mischaracterizing certain testimony, and pointing out petitioner's prior statements.

As discussed above, federal habeas review of prosecutorial misconduct claims is limited to the narrow issue of whether the alleged misconduct violated due process. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 642-43 (1974).  "Misconduct is reviewed in light of the entire trial record, and relief will be granted only if the misconduct infected the trial with unfairness.  *See*

03cv276

1    *Donnelly*, 416 U.S. at 639-43; *see also Darden*, 477 U.S. at 181; *Greer v. Miller*, 483 U.S. 756,

2    765-66 (1987).

3         In determining whether due process was violated, the Court considers: (1) whether the

4    prosecutor's comments manipulated or misstated the evidence; (2) whether the trial court gave a

5    curative instruction; and (3) the weight of the evidence against the accused.  *See Darden*, 477

6    U.S. at 181-82.  Here, even assuming that the prosecutor committed misconduct during his

7    closing argument, a review of the record establishes that this misconduct did not violate due

8    process.  *See Drayden*, 232 F.3d at 713 (prosecutor engaged in misconduct by delivering closing

9    argument in voice of the victim, but it did not so infect trial with unfairness as to violate due

10   process).

11        The court of appeal's finding that the prosecutor's argument did not violate due process is

12   objectively reasonable and supported by the record.  In each of petitioner's contentions of

13   misconduct, the prosecutor did not manipulate or misstate the evidence, the prosecutor's

14   statements were supported by the evidence and reasonable inferences that could be drawn from

15   the evidence, and the court provided proper and appropriate jury instructions concerning prior

16   consistent or inconsistent statements, discrepancies in testimony, credibility of witness, and

17   weighing conflicting testimony.  Therefore, the state Court of Appeal's finding that the

18   prosecutor's closing argument did not violate due process is objectively reasonable and

19   supported by the record.  This Court found that habeas relief is unavailable because there was no

20   showing that the closing argument infected the trial with unfairness.  A COA should not issue

21   because the conclusion is not debatable, could not be resolved in a different manner and is not an

22   issue deserving an opportunity to go forward.

23                    **c.    Ineffective Assistance of Trial Counsel**

24        To warrant habeas relief based upon ineffective assistance of trial counsel, petitioner must

25   show both that counsel's representation fell below an objective standard of reasonableness and

26   that counsel's deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S.

27   668, 687-88 (1984).  A court may reject an ineffective assistance claim upon finding either that

28   counsel's performance was reasonable or that the alleged error was not prejudicial.  *Strickland*,

03cv276

1   466 U.S. at 687, 697; *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005), *cert.*

2   *denied*, 546 U.S. 1121 (2006).  Failure to satisfy either prong of the *Strickland* test obviates the

3   need to consider the other. *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

4           In his objections to the Report, petitioner stated that he "object[ed] to all aspects of

5   Magistrate's rejection of ineffective assistance, however, [would] only expand on the one crucial

6   aspect which is so erroneous it needs to be fully explained."  (Obj. at 6.)

### 1.    Voluntary Intoxication as a Defense

8           Petitioner contended that trial counsel was ineffective because he failed to investigate

9   voluntary intoxication as a defense.  Petitioner acknowledged that he and counsel discussed the

10  defense of involuntary intoxication but nevertheless argues that the tactical decision was based

11  upon counsel's inadequate investigation of such a defense.  Petitioner also states there was no

12  rational, reasonable tactical decision not to have pursued the involuntary intoxication defense.

13  But as discussed above in reference to a jury instruction on intoxication, such a defense would

14  have created conflicting and irreconcilable defenses.  A voluntary intoxication defense would

15  vitiate the defense that petitioner was not involved in the killing at all.  Additionally, although

16  the record indicated that petitioner had been drinking for several days prior to and on the day of

17  the killing, there was no evidence that petitioner was intoxicated to the point where voluntary

18  intoxication could provide a defense.

19          A COA is not warranted in this circumstance.  The state court's decision is based on a

20  reasonable determination of the facts in light of the evidence and petitioner did not demonstrate

21  prejudice.  The Court's denial of habeas relief for petitioner's claim of ineffective assistance of

22  trial counsel is neither debatable or open for resolution in a different manner.

### 2.    Other Claims of Ineffective Assistance of Trial Counsel

24          Petitioner did not provide specific objections to the magistrate judge's Report concerning

25  other instances of ineffective assistance of trial counsel.  Instead, petitioner generally objected to

26  the Report's finding that counsel was not ineffective for failing to object to Jacobo and Sergio's

27  testimony as coerced, to object to Thill's testimony as false, to effectively present closing

28  argument, to request favorable jury instructions, and to competently argue motion for new trial.

1    Because petitioner failed to show that any of the acts of his counsel were objectively

2    unreasonable and there were no trial counsel errors that had some conceivable effect on the

3    outcome of petitioner's case, petitioner is not entitled to a COA on any of his ineffective

4    assistance of trial counsel claims.

5            **d.        Ineffective assistance of appellate counsel** (CLAIM 8)

6            The *Strickland* test also applies to claims of ineffective assistance by appellate counsel.

7    *See Smith v. Murray*, 477 U.S. 527, 536 (1986); *see also Smith*, 528 U.S. at 285-86 ("the proper

8    standard for evaluating [a petitioner's] claim that appellate counsel was ineffective . . . is that

9    enunciated in *Strickland*" ).  Petitioner focused his argument on appellate counsel's failure to

10   challenge the restitution order but also generally objected to the Report concerning other aspects

11   of appellate counsel's performance.

12           **1.        Fine/restitution**

13           Petitioner contends that his appellate counsel's failure to object to the trial court's

14   imposition of a restitution fine of $10,000 constituted ineffective assistance of appellate counsel

15   because petitioner could have demonstrated that he was unable to pay any such fine.

16           The restitution fine was imposed pursuant to California Penal Code § 1202.4(b).  Under

17   Penal Code § 1202.4(c), "[t]he court shall impose the restitution fine unless it finds compelling

18   and extraordinary reasons for not doing so . . . A defendant's inability to pay shall not be

19   considered a compelling and extraordinary reason not to impose a restitution fine."  The

20   Excessive Fines Clause of the Eighth Amendment is implicated only where a forfeiture is

21   "grossly disproportional to the gravity of a defendant's offense."  *Id.* (quoting *United States v.*

22   *Bajakajian*, 524 U.S. 321, 334 (1998)).

23           On habeas review, this court denied petitioner's claim of ineffective assistance of

24   appellate counsel because the state court of appeals' findings that petitioner was convicted of

25   second degree murder with the jury finding as true an allegation of armed with a firearm under

26   Penal Code § 12022(b), and he had a prior felony conviction, were objectively reasonable and

27   supported by the record, and therefore, the restitution fine was not "grossly disproportional"

28   under the Constitution.  Further, petitioner had not demonstrated that a different outcome would

1   have resulted if counsel had objected to the amount of the restitution fine and, therefore, had not

2   shown prejudice under *Strickland*.  This conclusion is not debatable among jurists of reason.

3   Accordingly a COA will not issue

4                    **2.      Other Claims of Ineffective Assistance of Appellate Counsel**

5          Petitioner contends that appellate counsel was ineffective for failing to argue instructional

6   error, to challenge denial of a severance motion, to challenge the introduction of false testimony,

7   and to argue trial counsel was ineffective.

8          Appellate counsel's decision to press only issues on appeal that she believed, in her

9   professional judgment, had more merit than the claims suggested by petitioner is "within the

10  range of competence demanded of attorneys in criminal cases."  *McMann v. Richardson*, 397

11  U.S. 759, 771.  Petitioner's appellate counsel had no obligation to raise meritless issues on

12  appeal.  *Strickland*, 466 U.S. at 687-88.

13         The claims petitioner raised were without factual or legal merit, in that they failed to

14  demonstrate any constitutional violations with respect to appellate counsel's failure to present

15  them on appeal and therefore cannot constitute deficient performance under *Strickland*.  As a

16  result, this Court denied habeas relief on petitioner's claims of ineffective assistance by appellate

17  counsel.  Because this issue is not debatable among jurist of reason and this issue could not

18  decided differently, a COA will not issue.

19  **C.     Conclusion**

20          Based on the foregoing, the request for a Certificate of Appealability is denied in full.

21         **IT IS SO ORDERED.**

22  DATED:  May 24, 2010

23                                                  _____
                                                    M. James Lorenz
24                                                  United States District Court Judge

25  COPY TO:

26  HON. CATHY ANN BENCIVENGO
    UNITED STATES MAGISTRATE JUDGE
27

28  ALL PARTIES/COUNSEL

                                                    11                                        03cv276